# STATE EX REL. ALICE F. WEBER v. T. O. WILLIAMS AND OTHERS.[1]

April 17, 1930.

No. 27,664.

*John R. Coan,* for appellant.

*G. A. Will,* for respondents.

TAYLOR, C.

This is a proceeding in mandamus against the Minneapolis fire department relief association and the officers thereof to compel them to award a pension to the relator as the widow of Alfred B. Weber, deceased.

[1]Reported in 230 N. W. 633.

The facts are undisputed. Alfred B. Weber had been the secretary of the fire department of the city of Minneapolis for several years. His duties were in the office of the department and were purely clerical. He had made two or more applications for membership in the relief association, but they had been denied, apparently for the reason that he was not an active fireman. On December 16, 1926, the chief of the fire department requested his resignation for cause. He executed a resignation in duplicate to take effect at once. Both duplicates were delivered to the chief of the department in the office of the department on December 16. The chief handed them to the acting secretary of the department, who placed one in the proper file in that department and by direction of the chief filed the other with the civil service commission on that same day, December 16, 1926. Mr. Weber died on the evening of the next day, December 17, 1926, from carbon monoxide poisoning while operating his automobile in his garage. On the following day, December 18, 1926, the acting secretary of the fire department procured from the office of the civil service commission the duplicate resignation which had been filed with that body and placed it in his own desk in the office of the fire department.

In January, 1927, the relator applied to the Minneapolis fire department relief association to be placed on the pension roll of that association as the widow of the deceased. Her application was denied, and she instituted this proceeding. The trial court found as a fact that Mr. Weber had resigned on December 16, 1926, and was not a member of the fire department at the time of his death, and rendered judgment discharging the writ. As we concur in the conclusion reached by the learned trial court, it is not necessary to consider the other questions raised by the respondents.

The rule governing the matter of resignations adopted pursuant to the city charter reads:

"The written resignation of any officer or employe from a position in the classified service shall be reported in writing to the Civil Service Commission. The Civil Service Commission may permit the withdrawal of such resignation at any time within ten

days after the filing of the same. An officer or employe who has been permitted to withdraw his resignation under the provisions of this section shall be reinstated to his former position unless such position has been filled in the meanwhile by the permanent appointment of an eligible, in which case the name of such officer or employe shall be placed on the lay-off eligible register for re-employment according to the provisions of Section 6 of Rule VIII."

The relator cites this rule and contends that no effect can be given to the resignation for the reason that the civil service commission had made no record of it and that it had been withdrawn. It had been demanded by the chief of the fire department. It had been executed and delivered and by its terms took effect at once. One duplicate had been deposited in the office of the fire department and the other in the office of the civil service commission. Nothing more was required for it to become effective. 5 Dunnell, Minn. Dig. (2 ed.) § 7989; annotation, 16 L.R.A. (N.S.) 1058.

The fact that after the death of Mr. Weber the acting secretary of the fire department obtained the duplicate resignation filed with the civil service commission from the office of that body and placed it in his own desk cannot operate as a withdrawal of the resignation or a reinstatement of Mr. Weber for several reasons. No request to withdraw it had been made by Mr. Weber; no permission to withdraw it had been given by the commission; and the acting secretary of the fire department had no authority to withdraw it. Furthermore, the death of Mr. Weber terminated the right to withdraw it; and the claim of his widow to share in the funds of the relief association must be determined by the facts as they existed at the time of his death. The fact that others removed the resignation from the files after his death can be given no effect in determining that claim.

The judgment discharging the writ is affirmed.